SAM W. McKINNEY, et al., v. TOWN OF ETOWAH.

Court En Banc. May 28, 1925.

No petition for Certiorari was filed.

**Appeal and error. Appeal will not be allowed from order of chancellor over-**
**ruling defendant's motion to dismiss bill praying for an injunction.**
  A chancellor may, in his discretion, grant an appeal from certain inter-
locutory orders and decrees of the kind specified in Section 3157 of the Code
(Shannon's Code 4889) but a decree of court overruling defendant's motion
to dismiss the bill is not within the provision of code section above cited.

Appeal from Chancery Court of McMinn County; Hon. T. L.
Stewart, Chancellor.

Cause stricken from the docket.

Cates, Smith, Tate & Long, of Knoxville, and Boyd & Ivins, of
Athens, for appellee.

Lillard & Webb, of Etowah, for appellant.

FAW, P. J.  According to certain averments of the bill in this
case admitted by the answer, the defendant, Town of Etowah, is a
municipal corporation in McMinn County, and the complainants are
residents and taxpayers of the Town of Etowah.

It also appears by admitted averments of the bill that, on Jan-
uary 15, 1925, the Board of Commissioners of the Town of Etowah
"pretended to adopt" an ordinance, on third and final reading,
which required the registration of all automobiles and other motor
vehicles in the Town of Etowah, and required each owner of an
automobile or other motor vehicle to pay an annual fee of $5.00 per
year for registering same.  The full text of the ordinance is copied
into the bill.

The complainants allege that said ordinance was, and is, ultra
vires, unlawfully discriminating, unreasonable, unjust, and oppres-
sive, and is therefore void.  The grounds on which complainants
seek to predicate the last-stated averments are elaborated in the bill,
but need not be further stated here.

The prayer of the bill is for an injunction restraining the de-
fendant from enforcing, or attempting to enforce, the aforesaid or-
dinance.

On preliminary application, a fiat for a temporary injunction was
granted and, after bond was given, an injunction writ was issued,
and was executed by service on the defendant.

The defendant answered the bill and admitted certain averments
thereof as before indicated, but defendant denied all the allegations

of the bill which tended to impeach the validity of the ordinance in question.

The defendant moved to dissolve the injunction for "want of equity on the face of the bill, and (upon) bill and answer."

The cause was taken up for hearing before the chancellor upon the aforesaid motion, and at the hearing the defendant was permitted to amend its motion "so as to ask for a dismissal of complainant's bill."

The record recites that "upon consideration of said motion to dismiss the bill and dissolve the injunction," the court was of the opinion that the motion was not well taken, and it was thereupon overruled and disallowed. The defendant excepted, and prayed an appeal to the Court of Civil Appeals, which was granted, upon defendant executing and filing a proper appeal bond within twenty days, and an appeal bond was filed by the defendant within the time granted.

In this court, the defendant assigns as error the action of the chancery court in refusing and failing to dismiss complainant's bill and dissolve the injunction upon motion of the defendant.

We are of the opinion that the appeal in this case was prematurely granted, and the cause must be stricken from the docket.

Manifestly the decree of the chancery court was not a final decree from which an appeal would lie as a matter of right.

A chancellor may, in his discretion, grant an appeal from certain interlocutory orders and decrees of the kind specified in Section 3157 of the Code (Shan. Code, 4889); but it was expressly held in Kernodle v. Tatum, 4 Heisk. 312, that an appeal from a decree of the chancery court overruling defendant's motion to dismiss the bill was not within the provisions of the Code section above cited, and that a chancellor cannot allow an appeal from a decree overruling a motion to dismiss a bill.

"The court below has never lost its jurisdiction of the cause," (Kernodle v. Tatum, supra). An order will be entered striking the cause from the docket of this court, and a procedendo, accompanied by a copy of this opinion, will issue to the chancery court of McMinn County.

The costs of the appeal will be adjudged against the defendant Town of Etowah, as provided by statute (Shan. Code, 4957).

All concur, except Clark, J., absent.